# EXHIBIT 34

**AMERICAN ARBITRATION ASSOCIATION**
**Employment Arbitration Tribunal**
Case No.:  01-22-0002-1162

ALI SARWI,

    Claimant,

v.

PJ CHEESE, INC.,

    Respondent

_____/

### FINAL AWARD

I, Melvia B. Green, the UNDERSIGNED ARBITRATOR, having been designated in accordance with an arbitration agreement dated on or about February 2017, and having entered an Interim Order on Claimant Ali Sarwi's Consolidated Motion for Partial Summary Judgment dated December 27, 2022, and an Order on Claimant's Second Motion for Partial Summary Judgment dated January 25, 2023, this cause then came before the undersigned on the Parties' stipulation for the Claimant to be awarded the following for his claims: $18,509.07 plus an equal amount $18,509.07 as liquidated damages; and prevailing party's attorney's fees and costs from Respondent PJ Cheese, Inc. ("PJC").  The remaining disputed issues herein, however, are: (1) whether the actual damages to be awarded to the Claimant in this minimum wage claim dispute are reimbursements for job expenses as argued by Claimant or as unpaid wages as contended by Respondent PJ Cheese, Inc. ("PJC"); and (2) the amount of reasonable attorney's fees and costs to be awarded to the Claimant.  By agreement of the Parties to this proceeding, wherein Claimant Sarwi was represented by Mark Potashnick, Esq. of Weinhaus & Potashnick

1

and Edward "Coach" Weinhaus, Esq. of LegalSolved LLC, and the Respondent PJC was represented by William Hancock, Esq. of Galloway, Scott & Hancock, LLC, the resolution of these remaining issues are to be determined by written submissions. After due consideration of the Parties' respective written submissions on these remaining issues, attachments, and case law, the following Award is hereby entered based upon the conclusions which follow:

1. Claimant Sarwi's claims against Respondent PJC for violation of the Fair Labor Standards Act ("FLSA") of 1938 by failing to pay minimum wage and violation of the Florida Constitution Art. X, Section 24 and the Florida Minimum Wage Act ("FMWA") for failing to pay minimum wage are **granted in the amount of $37,018.14 as reimbursements for job expenses.**[1]

2. The administrative filing fees of the American Arbitration Association ("AAA"), totaling **$2,950.00**, and the compensation of the Arbitrator, totaling **$19,118.75**, shall be borne by Respondent PJC. Therefore, Respondent shall reimburse the sum of $150.00 to Claimant, representing that portion of said fees previously paid by Claimant.

3. Claimant Sarwi is deemed to be the prevailing party on the claims asserted in this arbitration proceeding. As such, he is also entitled to recoup his reasonable attorney's fees in the amount of **$70,585.50** and non-AAA related costs for this proceeding in the amount of **$690.80** from Respondent PJC.

---

[1] Claimant Sarwi's remaining claim for violation of the Florida Constitution Art. X Section 24 and the Florida Minimum Wage Act by Utilizing Excessive Tip Credits is now moot.

2

4.  The above sums are to be paid by on or before thirty (30) days of this Final Award.

5.  This Award is in full settlement of all claims submitted to this arbitration.  All claims not expressly granted herein are denied.

## CONCLUSIONS

1.  In the instant minimum wage claim dispute, Claimant Sarwi asserts that his actual damages herein should be awarded as reimbursement for job expenses.  Respondent PJC, however, argues that the Claimant's actual damages should be awarded as unpaid wages.  The practical distinction between the two is that unpaid wage awards are taxable income but reimbursement for job expenses is not. *See, Price v. Commissioner,* T.C. Memo 1999-142 (holding reimbursement by employer for expenses incurred by employee on behalf of employer are not income) (citing *Gray v. Commissioner,* 10 T.C. 590, 596-597 (1948)).

2.  As a matter of law, employees' minimum wages are restored through awards of reimbursements in minimum wage claim disputes based upon unreimbursed job costs. *See Arriaga v. Fla. Pac. Farms, L.L.C.,* 305 F. 3d 1228 (11th Cir. 2002); *Ullom v. Bill Perry & Assocs.,* 2021 U.S. Dist. LEXIS 99610, at *11-12 (M.D. Fla. May 26, 2021) (awarding the plaintiff "mileage owed to remedy kickback from overtime."); *see also Fata v. Pizza Hut of Am., Inc.,* 2016 U.S. Dist. LEXIS 153545, *20 (M.D. Fla. Aug. 5, 2016) (where court approved a settlement agreement of FLSA and FMWA claims by pizza drivers alleging minimum wage violations resulting from under-reimbursed vehicle costs which contained

3

an express provision that recovery of "reimbursement" for job expenses will be non-taxable."). Respondent PJC has cited no law to the contrary. Accordingly, it is concluded that the actual damages to be awarded to the Claimant Sarwi herein are for unreimbursed job expenses.[2]

3. As the prevailing party in this proceeding, the Parties stipulate that the Claimant Sarwi is additionally entitled to his reasonable attorney's fees and costs of this proceeding. The Claimant's attorneys seek attorney's fees totaling $70,585.50 plus costs totaling $840.80, which includes both AAA and non-AAA related costs.

4. Respondent PJC contends, however, that a reasonable attorney's fee award in this case should not exceed $44,035.24. As the Respondent does not otherwise take issue with the Claimant's asserted costs in the amount of $840.80, this amount shall be awarded as reasonable costs.

5. The FLSA mandates the recovery of a reasonable attorney's fee and costs by a prevailing plaintiff or claimant. 29 U.S.C. Section 216(b); *see also Sahyers v. Prugh, Holliday, et al.,*

---

[2] Both courts and arbitrators in other jurisdictions have similarly awarded reimbursements for job expenses when minimum wage violations resulted from the failure to reimburse those job costs. *See, e.g. Marine v. Vieja Quisqueya Rest. Corp.,* 2022 U.S. Dist. LEXIS 162555, at *22 (E.D.N.Y. Sept. 8, 2022) (ordering that "plaintiff be awarded $700 in damages for the cost of purchasing and maintaining his bicycle"); *id.* at *30 (awarding $700 in tools of the trade reimbursement"); *Calle v. Pizza Palace Café LLC,* 2022 U.S. Dis. LEXIS 1708, at *29-30 (E.D.N.Y. Jan. 4, 2022) ("plaintiff should be awarded $308 as reimbursement for his 'tool of the trade' expenses against defendants."); *Lin v. New Fresca Tortillas, Inc.,* 2019 U.S. Dist. LEXIS 74505, at *11-12 (E.D.N.Y. May 1, 2019) (awarding plaintiff $15,999.82 as reimbursement of motorcycle costs."), report and recommendation adopted at 2019 U.S. Dist. LEXIS 95197 (E.D.N.Y. May 28, 2019); *Wallenberg v. PJ Utah, LLC,* AAA Case No. 01-21-0004-6899 (Williams Oct. 20, 2020 at 5 (awarding pizza delivery driver "unreimbursed actual vehicle costs."); *Benoit v. PJ Louisiana, Inc.,* AAA Case No. 01-21-0004-8139 (Duval Dec. 13, 2022), at 8 (awarding damages for "unreimbursed vehicle costs" and "unreimbursed return drives").

603 F.3d 888, 893 n.1 (11ᵗʰ Cir. 2010). Florida law likewise mandates such awards in favor of successful plaintiffs. *Ramos v. Hoyle,* 2010 U.S. Dist. LEXIS 151706, at *4 (S.D. Fla. Apr. 9, 2010) (citing Fla. Stat. Section 448.110(6) (c)). The attorney's fees are usually calculated using the lodestar method, multiplying the number of hours worked by the reasonable hourly rate of counsel. *Benton v. Deli Mgt.,* Case No. 1:17-CV-TCB (N.D. Ga. Jan. 28, 2020) at 5-6 (quoting *Hensley v. Eckerhart),* 461 U.S. 424, 433 (1983). "This method provides a 'starting point' from which the Court may adjust based on such factors as it deems appropriate." *Id.* (citing *Gross v. Killian Oaks House of Learning,* 248 F. Supp. 2d 1162, 1167 (S.D. Fla. 2003)).

6. The time records provided by the Claimant's counsel in this proceeding reflect that Mark Potashnick, Esq. expended a total of 103.7 hours at the hourly rate of $550.00 (or $57,035.00); co-counsel Edward Weinhaus, Esq. expended a total of 32.8 hours at the hourly rate of $335.00 (or $10,988.00); and a Paralegal expended 20.5 hours at the hourly rate of $125.00 (or $2,562.50). Thus, the lodestar totals $70,585.50.

7. After the determination of the lodestar, the undersigned must now consider the following twelve factors adopted in *Johnson v. Ga. Hwy. Express,* 488 F. 2d 714, 717 (5ᵗʰ Cir. 1974) in deciding whether to adjust this lodestar upwards or downwards: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8)

5

the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' or the case; (110 the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Norman b. Hous. Auth. Of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988); *Kreager v. Soloman & Flanagan, P.A.,* 775 F. 2d 1541, 1543 n.2 (11th Cir. 1985) (citing *Johnson,* 488 F.2d at 717-19). "The most important factor in determining the amount to be awarded is the plaintiff's degree of success." *Hensley,* 461 U.S. at 436.

8. After carefully considering the twelve factors outlined in Johnson and reviewing the time records submitted herein to ensure that there was no unreasonable duplication of efforts by Claimant's counsel, it is concluded that the fees submitted by counsel are reasonable, given their time and labor required to arbitrate this case to this point, their requisite skills to pursue these claims, the Claimant's ultimate success on the merits, the undesirability of the case, the respective experience of both attorneys and the amount of fees awarded in similar arbitration proceedings. Accordingly, a reasonable attorney's fee for this matter is found to be $70,585.50.

I, Melvia B. Green, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Final Award.

Dated: 03.06.23

Hon. Melvia B. Green (Ret.)
Arbitrator

6